UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENISHA JACKSON,

        Plaintiff,

                          CASE NO. 2:17-cv-10492
v.                         HONORABLE VICTORIA A. ROBERTS

CORRECTIONAL OFFICER SCHAFF,

        Defendant.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### I. Introduction

This matter recently came before the Court on plaintiff Tenisha Jackson's *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is an inmate at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, and defendant Schaff is a correctional officer at the facility.

The complaint alleges that, on March 2, 2016, an officer escorted Plaintiff along a walkway from one observation cell to another observation cell. The officer called for assistance when Plaintiff stopped walking and began talking to another prisoner on the walkway. Defendant Schaff answered the call for help. He grabbed Plaintiff's arms, which were handcuffed behind her back, and lifted her arms toward the back of her head. According to Plaintiff, this conduct caused her a great deal of pain, embarrassment, and humiliation. Furthermore, when she and Defendant reached their destination, Defendant attempted to throw her into the observation room because she

was not responding quickly enough to his order to enter the room. During the ensuing altercation, Defendant grabbed Plaintiff's buttock and breast.

Plaintiff alleges that the officers rushed her because it was near the end of their shift and because she was not walking or responding as quickly as the officers would have liked. She maintains that the officers did not have to put their hands on her and subject her to improper and painful touching, manhandling, and abuse. She also claims that Defendant's conduct constituted cruel and unusual punishment, and even though her body no longer bears the marks of the altercation, she remains emotionally traumatized by the experience and repulsed by Defendant's brutality. She seeks money damages and a declaratory judgment stating that Defendant's conduct violated her rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## II. Legal Framework

The Court granted Plaintiff's application to proceed without prepaying the fees and costs for this action. *See* ECF No. 3. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001); *see also Mattox v. Edelman, et al.*, __ F.3d __, __, No. 16-1412, 2017 WL 992510, at *3 n.3 (6th Cir. Mar. 15, 2017) (stating that "28 U.S.C. § 1915(e)(2)(B)(ii) requires a district court to dismiss an [*in forma pauperis*] complaint if at any point it determines that the complaint 'fails to state a claim on which relief may be granted' ").

2

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Finally, to prevail on a claim under § 1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III.  Analysis

#### A.  Excessive-Force Eighth Amendment Claims

Plaintiff brings her complaint under the Eighth Amendment to the United States Constitution, which "applies to the States through the Due Process Clause of the Fourteenth Amendment [and] prohibits the infliction of 'cruel and unusual punishments'

on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991) (internal citation omitted). The "settled rule" in cases where correctional officials allegedly used excessive force on inmates is "that 'the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.' " *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). "[T]he core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6–7.

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See *Whitley*, *supra*, 475 U.S., at 327, 106 S.Ct., at 1088. This is true whether or not significant injury is evident.

*Id.* at 9.

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. See *Johnson v. Glick*, 481 F.2d [1028, 1033 (2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' " *Whitley*, 475 U.S. at 327, 106 S. Ct., at 1088 (quoting *Estelle* [*v. Gamble,* 429 U.S. 97, 106 (1976)]) (internal quotation marks omitted).

*Id.* at 9-10; *see also Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

## B. Application

In *Hudson*, the Supreme Court determined that the beating and injuries which Hudson received from state correctional officers were not *de minimis* because the blows

4

caused Hudson's face, mouth, and lip to swell. The blows also loosened Hudson's teeth and cracked his partial dental plate, rendering it useless for several months. *See Hudson,* 503 U.S. at 4, 10.

In *Hope v. Pelzer*, 536 U.S. 730 (2002), the Supreme Court determined that the Eighth Amendment was violated when prison guards handcuffed a subdued inmate to a hitching post for seven hours as punishment for disruptive conduct. The inmate was exposed to the heat of the sun while shirtless, given water only once or twice, and denied bathroom breaks. A guard also taunted the inmate about his thirst by giving water to some dogs and then intentionally spilling the contents of the water cooler in front of the inmate. The Supreme Court stated that "[t]his punitive treatment amount[ed] to gratuitous infliction of 'wanton and unnecessary' pain that [Supreme Court] precedent clearly prohibits." *Id*. at 738.

Plaintiff alleges that Defendant lifted her cuffed arms behind her, causing a great deal of pain, and attempted to throw, manhandle, and wrestle her into an observation room while she remained handcuffed. Compl. at 4. This use of force is *de minimis* compared to the gratuitous conduct deemed cruel and unusual punishment in *Hudson* and *Hope*.

Plaintiff's physical injuries also were *de minimis*, as she apparently received only some bruises during the incident. *See id.* (stating that "Plaintiff's bruised body no longer bears the marks of that altercation"). Most of Plaintiff's injuries appear to be emotional. She alleges, for example, that lifting her arms behind her back caused her "embarrassment and humiliation." *Id*. She also asserts that she remains "emotionally

5

traumatized," and that "she is still emotionally struggling, distressed and repulsed by Officer Schaff's brutality." *Id.*

A "purely subjective complaint of embarrassment and humiliation, standing alone, does not rise to the level of egregious treatment that would support a constitutional infringement under the Eighth Amendment." *Kent v. Johnson*, 821 F.2d 1220, 1229 (6th Cir. 1987) (Krupansky, C.J., concurring in part and dissenting in part). Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ."

Although Plaintiff implies that she was bruised during the incident with Defendant, the physical injury required by § 1997e(e) must be more than *de minimis* to support an Eighth Amendment claim based on mental or emotional suffering. *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. 2001). And, as noted above, Plaintiff's physical injuries (mere bruises) were *de minimis*. Consequently, the physical injuries do not support an Eighth Amendment claim for embarrassment, humiliation, and emotional trauma.

Even the unwanted touching of Plaintiff's buttock and breast during Defendant's attempt to get Plaintiff in the observation cell did not rise to the level of an Eighth Amendment violation. While the touching may have been inappropriate or unprofessional, it did not amount to wanton infliction of pain. *See Berryhill v. Schriro*, 137 F.3d 1073, 1074-77 (8th Cir. 1998) (concluding that two brief touches of an

6

inmate's buttocks by maintenance workers, unaccompanied by any sexual comments or banter, did not amount to unnecessary and wanton infliction of pain in violation of the Eighth Amendment); *Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (concluding that a brief and isolated incident during which a correctional officer rubbed and grabbed an inmate's buttocks in a degrading and humiliating manner during a "shakedown" did not amount to cruel and unusual punishment under the Eighth Amendment).

Furthermore, Plaintiff's statement of facts suggests that Defendant's use of force was intended to maintain discipline, that is, to expeditiously escort Plaintiff from one cell to another cell and to secure her in the second cell. Plaintiff admits that she stopped to talk to another inmate while she was being escorted to the observation cell. She also admits that she was not walking or responding quickly enough for the officers. Nothing in the complaint indicates that Defendant inflicted wanton and unnecessary force on Plaintiff for the sole purpose of causing harm.

## IV. Conclusion

Defendant is not liable for the actions alleged in the complaint, because his conduct did not amount to unnecessary and wanton infliction of pain in violation of the Eighth Amendment. The complaint therefore fails to state a plausible claim for which relief may be granted. The Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: April 6, 2017               S/Victoria A. Roberts
                                   HON. VICTORIA A. ROBERTS
                                   UNITED STATES DISTRICT JUDGE